United States District Court
Southern District of Texas
FILED

FEB 0 4 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROMUALDO ARECHAR,                    §
                                     §
            Plaintiff,               §
                                     §
vs.                                  §      CIVIL ACTION NO. B-04-017
                                     §
SOUTHERN FOODS GROUP, L.P.           §
d/b/a HYGEIA DAIRY,                  §
                                     §
            Defendant.               §

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Southern Foods Group, L.P. d/b/a Hygeia Dairy respectfully files the

following notice of removal.

### I.

This action is now pending in the District Court of Cameron County, Texas, 107th

Judicial District, with the caption *Romualdo Arechar v. Southern Food Groups, L.P. d/b/a*

*Hygeia Dairy*,[1] with Cause No. 2003-05-2789-A.

### II.

Defendant requests that the case be removed to Federal Court pursuant to 28

U.S.C., §§ 1331, 1441, and 1446, and other applicable law, as this is a case arising under

the statutes and laws of the United States of America, namely, the Employee Retirement

---

[1]      Defendant, correctly named Southern Foods Group, L.P., is mis-named Southern Food Groups, L.P.
in the state court case. Defendant has corrected its name in the caption of this filing in federal court.

Income Security Act, 29 U.S.C., §§ 1001, *et seq*. ["ERISA"].  The items attached to this Notice include all process, pleadings, and orders served upon Defendant in such action.

### III.

Pursuant to Rule 81, Local Rules of the United States District Court for the Southern District of Texas, Defendant attaches the following:

TAB 1:        All executed process in the case;

TAB 2:        Pleadings asserting causes of action, and all answers to such pleadings;

TAB 3:        All orders signed by the state judge;

TAB 4:        The docket sheet in Cause No. 2003-05-2789-A;

TAB 5:        An index of matters filed; and

TAB 6:        A list of all counsel of record, including addresses, telephone numbers and parties represented.

Certain pages have been highlighted.

### IV.

Additionally, Defendant contemporaneously files Defendant's Appendix of Additional Materials Supporting its Notice of Removal.

### V.

Approximately December, 1999, Defendant Southern Foods Groups, L.P. d/b/a Oak Farms Dairy acquired and began operating the Hygeia Dairy, and  Plaintiff began working as one of Defendant's Texas employees.  At all relevant times, including from December of 1999 to the present, Defendant has been a non-subscriber to worker's compensation benefits in the State of Texas.  At all relevant times, including December of 1999 to the

present, Defendant has been the sponsor[2] of an ERISA employee welfare benefit plan[3] named the Injury Benefits Plan of Southern Foods Group, L.P.   A true and correct copy of  Defendant's ERISA Plan in effect beginning January 1, 1995, is in Defendant's Appendix in Additional Materials in Support of its Notice of Removal, filed contemporaneously with this Notice of Removal. [App. 001 - 010].[4]  Under this ERISA Plan Defendant's Texas employees, subject to the terms, conditions, and limitations of the Plan, were provided medical and wage continuation benefits in the event of a covered on the job injury. [App. 001].   The Fifth Circuit Court of Appeals has held that self-funded non-subscriber injury benefit plans are governed by ERISA.   *Hernandez v. Jobe Concrete Products*, 282 F. 3d 360 (5th Cir. 2002); *Riley v. Dr. Pepper Bottling Company of Texas*, 2003 WL 21266729 (N.D. Tex. 2003)(Dr. Pepper Bottling Company's non-subscriber injury benefit plan held to be ERISA plan).

**VI.**

ERISA requires that a summary plan description be provided to participants and beneficiaries. 29 USC, § 1022.  On December 8, 1999, Plaintiff Romualdo Arechar signed an Acknowledgment that he had received Defendant's Injury Benefit Plan Summary.

---

[2]      ERISA defines the term "plan sponsor" as "the employer in the case of an employee benefit plan established or maintained by a singe employer . . . " 29 USC, § 1002(16)(B).

[3]      ERISA defines an "employee welfare benefit plan" to include "any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability . . . " 29 USC sec. 1002(1).

[4]      References such as "App. __" are to the specific bates marked pages in the Defendant's Appendix of Additional Materials Supporting its Notice of Removal, filed contemporaneously with Defendant's Notice of Removal.

[App. 011]. Pages 6 and 7 of that Summary Plan Description for Injury Benefits Plan of Southern Foods Group, L.P., provided Plaintiff with notice of "certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA)." [Section VII, Summary Plan Description, App. 018]. The Plan provides each Texas employee of Defendant becomes eligible to participate in the Plan from the date he/she is first employed, and ceases to be a Participant as of the earlier of (a) the date on which the Plan terminates or (b) the date on which such Participant ceases to be an employee. [Plan, articles 2.7, 3.1, 3.2, App. 02 - 03].

On December 8, 1999, Plaintiff signed a document confirming he had read certain additional information pertaining to Defendant's ERISA plan. [App. 012]. On December 8, 1999, Plaintiff signed an additional notice that the company was a non-subscriber., i.e., that it had discontinued workers' compensation insurance. [App. 020].

On August 31, 2001, Plaintiff had a vehicular accident while driving one of Defendant's trucks as one of its route drivers.  Effective that same day, Defendant amended its ERISA plan. [App. 021 - 035, a true and correct copy of this amended ERISA plan].  Defendant's plan as amended recites "This Plan is intended to be an employee welfare benefit plan under the Employment Retirement Income Security Act of 1974, as amended ('ERISA'), and all regulations issued under ERISA." [Section 1.3 Amended Plan, App. 022]. The Amended Plan defined a "Participant" as any employee of the Company in the State of Texas. [Section 2.17, Amended Plan, App. 025].

Plaintiff made a claim for and received plan benefits.  Specifically, Defendant paid medical benefits on Plaintiff's behalf in the amount of $2,370.57 and wage benefits of $304.95.  Plaintiff accepted these benefits.

After an investigation of Plaintiff's August 31, 2001 vehicular accident, Defendant discharged Plaintiff from its employ.  Defendant's notice of employee separation confirming this discharge is dated September 13, 2001. [App. 036].  Plaintiff thereafter ceased to receive benefits under the Plan, and then subsequently filed suit.

## VII.

On May 30, 2003, Plaintiff filed his Original Petition in Cause No. 2003-05-2789-A, in the District Court of Cameron County, Texas, 107th Judicial District, alleging solely state law causes of action. [Tab 2, p. 0002 - 0006, attached].[5]  Plaintiff's Original Petition was basically a personal injury suit.  On July 10, 2003, Plaintiff filed his First Amended Original Petition in Cause No. 2003-05-2789-A, again alleging solely state law causes of action. [Tab 2, p. 0007 - 0012, attached].  Defendant first received formal notice of this suit when Plaintiff thereafter served this First Amended Original Petition on Defendant. Plaintiff's First Amended Original Petition was a personal injury case based on Texas state law; it alleged causes of action based on common law negligence and gross negligence while asserting Defendant unreasonably failed to perform repairs on the vehicle Plaintiff was driving, thereby causing Plaintiff damages as a result of Plaintiff's August 31, 2001 vehicular accident. [Tab 2, p. 0007 - 0012, attached].

## VIII.

On January 13, 2004, Plaintiff filed his Second Amended Petition in Cause No. 2003-05-2789-A, in the District Court of Cameron County, Texas, 107th Judicial District. [Tab 2, p. 0013 - 0020, attached].  Defendant timely filed its Notice of Removal within 30

---

[5]     The attachments to this Notice of Removal are sequently bates-numbered in the lower right-hand side of each page, and page references to these attachments are to these bates-numbers typed on the lower right-hand side.

days of service of Plaintiff's Second Amended Petition. Plaintiff's Second Amended Petition, although couched in terms of state law allegations only, makes claims which relate to Defendant's ERISA Plan and which arise under and are pre-empted by the federal law ERISA:

      A.    <u>New Discharge Claim</u>. Plaintiff's Second Amended Petition added a new claim alleging "Defendant subsequently terminated plaintiff's employment fraudulently in an effort to avoid paying the medical expenses . . . " [Paragraph VII of Plaintiff's Second Amended Petition, Tab 2, p. 0017, attached].

      B.    <u>New Fraud Claim</u>. Plaintiff's Second Amended Petition added a new claim alleging "Defendant's company policies and regulations communicated to Plaintiff prior to his employment provided for the payment of medical expenses in the event of an employee's injury while acting in the course of employment. Plaintiff relied upon this representation in deciding to accept his position as a route salesperson although the company was a non-subscriber . . . " [Paragraph IV of Plaintiff's Second Amended Petition, Tab 2, p. 0014, attached]. Plaintiff alleges ". . . the Defendant knew that the statements made in connection with the payment of medical expenses in the event of injury were false. These representations were fraudulent and malicious and constitute conduct for which the law allows . . . exemplary damages." [Paragraph VII of Plaintiff's Second Amended Petition, Tab 2, p. 0018, attached]. In paragraph VII of his Second Amended Petition, entitled "Fraud," Plaintiff alleges "By reason of plaintiff's reliance on Defendant's representations of material facts described above, Plaintiff has been damaged ..." [Paragraph VII of Plaintiff's Second Amended Petition, Tab 2, p. 0017, attached]. Damages sought include past and future medical expenses, and lost wages [Paragraph VIII of Plaintiff Second

Amended Petition, Tab 2, p. 0019, attached]; these types of monies are same types of

benefits which are paid, when the terms and conditions of the Plan provide, under

Defendant's ERISA plan. [App. 004 - 005].

C.    New Intentional Infliction claim.  Plaintiff's Second Amended Petition

added a new claim alleging intentional infliction of emotional distress [Paragraph VIII of

Plaintiff's Second Amended Petition, Tab 2, p. 0018, attached].

## IX.

Claims filed in state court, even when they are artfully plead under state law, are

removable to federal court when they are actually causes of action falling within ERISA's

enforcement provisions at 29 USC, § 1132. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S.

58, 95 L. Ed 2d 55, 107 S. Ct. 1542 (1987); *Ingersoll-Rand Co. v. McClendon*, 498 U.S.

133, 145, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990)(Referring to section 502(a) of ERISA,

the Supreme Court stated "our conclusion that the pre-emptive effect of sec. 502(a) was

so complete that an ERISA pre-emption defense provided a sufficient basis for removal of

a cause of action to the federal forum notwithstanding the traditional limitation imposed by

the "well-pleaded complaint' rule.") . Case law demonstrates Plaintiff's claims in the case

at bar are removable, including:

A.    New Discharge Claim.  Claims brought in state court, purportedly

pursuant to state law only, which allege a discharge to prevent the employee from

obtaining benefits under an ERISA plan, are removable. *Ingersoll-Rand Co. v. McClendon*,

498 U.S. 133, 145, 112 L.Ed. 2d 474, 111 S. Ct. 478(1990); *Wood v. Prudential Ins. Co.*

*of America*, 207 F. 3d 674 (3rd Cir. 2000), cert. den'd, 531 U.S. 927 (2000)("A claim of

discharge based on a 'benefits-defeating' motive comes under Section 510 of ERISA. . .

. Section 510 of ERISA dos not stand alone; by its terms it gains its enforcement vitality from Section 502 . . . Thus, any state claim that falls within Section 510 is necessarily within Section 502. . . Since ERISA Section 502(a) completely preempts a state claim, removal of Wood's state claim to federal jurisdiction is proper."); *Christopher v. Mobil Oil Corp.,* 950 F. 2d 1209, 1218-1220 (5th Cir. 1992), cert. den'd, 506 U.S. 820 (1992)(State law claim of wrongful discharge by fraud, related to ERISA plan, held pre-empted by ERISA)*; Harris v. Michigan Consolidated Gas Co.,* 117 F. Supp. 2d 642 (E.D. Mich. 2000)(Plaintiff's claim filed in state court purporting to be based on state age discrimination law only was held removable; Plaintiff's claim was held to be one under section 510 of ERISA); *Kalo v. Moen, Inc.,* 93 F. Supp. 2nd 869 (N.D. Ohio 2000)(Plaintiff's claim brought in state court alleging a violation of state law due to the employer's discharge to prevent him from obtaining medical and pension benefits was removable under ERISA).

        B.    New Fraud Claim.  In this case, damages sought by Plaintiff include lost wages and medical benefits, i.e., the types of benefits payable under Defendant's ERISA Plan when the terms and conditions of the Plan so provide. [See Article 5 of Plan, App. 004 - 005].  Plaintiff brought this suit only after the Plan ceased paying his plan benefits.  Fraud claims like those brought by Plaintiff are pre-empted by ERISA. *Perdue v. Burger King Corp.,* 7 F. 3d 1251, 1255-56 (5th Cir. 1993)(Plaintiff sued in state court alleging misrepresentations related to an ERISA plan; after the action was removed to federal court by his employer, Plaintiff's fraud claim was held pre-empted by ERISA); *Christopher v. Mobil Oil Corp.,* 950 F. 2d 1209, 1217-1219 (5th Cir. 1992)(Fraud claim pre-empted by ERISA; the Fifth Circuit noted the fraud claim was related to the employer's "disclosure to its employees of the terms of the plan."); *Cefalu v. B.F. Goodrich Co.,* 871

F. 2d 1290 (5th Cir. 1989) (Plaintiff sued in state court alleging he was told his retirement benefits would be identical to those of employees covered by an ERISA plan; after the action was removed to federal court by his employer, the Fifth Circuit held Plaintiff's claim was pre-empted by ERISA); *Lee v. E.I. Dupont De NeMours and Co.*, 894 F. 2d 755 (5th Cir. 1990)(common law fraud claim related to ERISA plan removed to federal court, and held pre-empted by ERISA); *Sanders v. State Street Bank and Trust Co.*, 813 F. Supp. 529 (S.D. Tex. 1993) (fraud claim pre-empted by ERISA).

      C.    New Intentional Infliction Claim.   The Fifth Circuit has repeatedly held that lawsuits alleging intentional infliction relating to an ERISA Plan are removable to federal court. *Hernandez v. Jobe Concrete Products*, 282 F. 3d 360 (5th Cir. 2002); *Brown v. Southwestern Bell Telephone Co.*, 901 F. 2d 1250 (5th Cir. 1990)(lawsuit brought in state court alleging state law intentional infliction claim held to be removable to federal court under ERISA); *see*, also, *Burks v. Amerada Hess Corporation*, 8 F. 3d 301 (5th Cir. 1993).

## X.

This matter is a civil action brought in a state district court of which the United States District Courts have original jurisdiction because of federal question jurisdiction by virtue of ERISA, 29 U.S.C., §§ 1001, *et seq.*, 29 U.S.C., § 1132, by virtue of 28 U.S.C., § 1343, and any other applicable law. Defendant now requests that the above action, Cause No. 2003-05-2789-A, pending in the District Court of Cameron County, Texas, 107th Judicial District, be removed from that court to this Court.

WHEREFORE, Defendant prays that this Honorable Court assume jurisdiction of this cause and proceed with it to completion, and to enter such orders and judgements as may be necessary to protect its jurisdiction, or as justice may require.

Respectfully submitted,


George C. Haratsis
Federal ID. No. 27820
Texas Bar No. 08941000
ATTORNEY-IN-CHARGE

Nicholas S. Bettinger
Federal ID. No. 17917
Texas Bar No. 02268470

McDONALD SANDERS,
A Professional Corporation
777 Main Street, Suite 1300
Fort Worth, Texas  76102
(817) 336-8651
(817) 334-0271 Fax

ATTORNEYS FOR DEFENDANT
SOUTHERN FOODS GROUP, L.P.


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 4 day of February, 2004, a true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to Plaintiff's attorney of record, Jorge A. Green, Willette & Guerra, L.L.P., International Plaza, Suite 460, 3505 Boca Chica Boulevard, Brownsville, Texas 78521.


George C. Haratsis

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2003-05-002789-A

**COPY**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SOUTHERN FOOD GROUPS L.P.
    SERVING ITS REGISTERED AGENT
    CT CORP. SYSTEMS
    350 NORTH ST. PAUL
    DALLAS, TEXAS 75201

the          DEFENDANT          , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said          PETITION          was filed on JULY 10, 2003  . A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002789-A.

The style of the case is:

ROMUALDO ARECHAR
VS.
SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY

Said petition was filed in said court by          HON R.D. GUERRA          (Attorney for          PLAINTIFF          ), whose address is 801 NOLANA, SUITE 320-A MCALLEN, TEXAS  78504          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 11th day of  JULY  , A.D. 2003.

                          AURORA DE LA GARZA          , DISTRICT CLERK
                          Cameron County, Texas
                          974 E. Harrison St.
                          Brownsville, Texas 78521

                          By:_____ Deputy

TAB
1

SFG 0001

CAUSE NO. 2003-05-3789-A

| | | |
|---|---|---|
| ROMUALDO ARECHAR | § | IN THE DISTRICT COURT |
|   Plaintiff | § | |
| | § | |
| vs. | § | 107 JUDICIAL DISTRICT |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY | § | |
|   Defendant | § | CAMERON COUNTY, TEXAS |

**MAY 31 2003**

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROMUALDO ARECHAR, hereinafter called Plaintiff, complaining of SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, hereinafter called Defendants, and for cause of action would respectfully show the Court and jury the following:

I

Plaintiff affirmatively pleads that discovery should be conducted in accordance with Level Two (II).

II

1.    Plaintiff is a resident of Hidalgo County, Texas.

2.    Defendant is Delaware limited partnership, who may be served with process by serving its registered agent CT Corp. Systems, 350 North St. Paul, Dallas, Texas 75201.

III

Venue is proper in Cameron County, Texas, pursuant to Section 15.001 Texas Civil Practice & Remedies Code, all the incident forming the basis of this action accrued there.



TAB
2

**SFG 0002**

IV

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff in a singular vehicular accident which occurred on August 31, 2001 U.S. Highway 83, in San Bentio, Cameron County, Texas. Plaintiff was working, acting in the course and scope of his employment at the time of this incident. Plaintiff was traveling along U.S. Highway 83 when suddenly the air brakes of the vehicle he was driving, failed. Plaintiff lost control of the vehicle, and was subsequently seriously injured when the vehicle struck a cement barrier, forcing the truck to flip onto its side, and drag along the roadway.

V

## NEGLIGENCE

On or about August 31, 2001, Plaintiff, ROMUALDO ARECHAR, was traveling on the outside lane eastbound U.S. Highway 83, San Benito, Cameron County, Texas, in a careful and proper manner, when the air brakes of the truck he was driving failed. Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY was the owner of the vehicle Plaintiff was driving at the time of the incident. Plaintiff was acting in the course and scope of his employment at the time of the incident.

On July 18, 2001 Plaintiff advised his employer, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY that the brakes of the vehicle he was driving were failing, and needed repair. On July 23, 2001, Plaintiff again advised his employer that the brakes of the vehicle he was driving were "dragging" and were in need of repair.

On August 24, 2001, only one week before the incident at issue in this lawsuit, Plaintiff again noted and advised his employer that the brakes of his truck were "dragging".

2

**SFG 0003**

Most notably, on August 27, 28 and 29, 2001 Plaintiff advised his employer that the brakes of this incident truck were "dragging" and needed repair.

Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY failed to perform the necessary repairs and/or failed to perform the repairs in a reasonable and prudent manner, on the vehicle at issue, and continued to permit Plaintiff to conduct his normal route using a truck Defendant knew to be in a state of disrepair. Defendant failed to act as a reasonable and prudent employer would in this situation. Defendant's negligence and failure to use ordinary care was the proximate cause of this incident and the subsequent severe and disabling injuries Plaintiff has suffered.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, was negligent in various acts and omissions, including the following, which negligence was a proximate cause of the occurrence in question:

A.    In failing to make the necessary repairs to the vehicle at issue;
B.    In failing to perform the necessary repairs in a reasonable and prudent manner;
C.    In failing to properly and routinely inspect the truck at issue;
D.    In failing to warn Plaintiff of the state of disrepair of the vehicle at issue, and
E.    In knowingly permitting Plaintiff to drive a truck Defendant knew to be in disrepair, and in a dangerous condition.

## VI
## GROSS NEGLIGENCE OF DEFENDANT

Furthermore, Plaintiff would show that each of the above and foregoing acts or omissions of Defendant were more than momentary thoughtlessness, inadvertence, or error of judgement. Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare or safety of the Plaintiff, and as such

3

**SFG 0004**

constituted gross negligence.  Plaintiff is entitled to recover judgment against Defendant for

exemplary damages   for such gross negligence, heedless and reckles disregard of Plaintiff's rights.

## VII
## DAMAGES

As a result of the collision above described, the Plaintiff, ROMUALDO ARECHAR, was

caused to suffer sever, permanent and disabling injuries to his neck, back head and other parts of

his person.  Plaintiff has been caused to suffer personal injuries, as follows.

1.      Past and future pain and suffering;
2.      Past and future medical expenses;
3.      Loss of earn capacity;
4.      Loss of wages;
5.      Past and future mental anguish;
6.      Physical impairment, and
7.      Physical disfigurement.

## VIII
## PRAYER

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of

minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer

herein; that upon a final trial of this cause, Plaintiff recover:

1.      judgment against Defendant for Plaintiff's damages as set forth
        above, in an amount in excess of the minimum jurisdictional limits
        of this Court;

2.      interest on said judgment at the legal rate from date of judgment;

3.      prejudgment interest as allowed by law;

4.      costs of court; and

5.      such other and further relief to which Plaintiff may be entitled.

4

**SFG 0005**

Respectfully submitted,

**WILLETTE & GUERRA, L.L.P.**
801 Nolana, Suite 320-A
McAllen, Texas 78504
(956) 686-2266 Telephone
(956) 686-5913 Telecopier

By: _____

    R.D. GUERRA
    State Bar No. 08578640
    ELIZABETH SANDOVAL CANTU
    State Bar No. 24013455
    ATTORNEYS FOR PLAINTIFF

5

**SFG 0006**

CAUSE NO. 2003-05-2789-A

_____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUL 10 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

| | | |
|---|---|---|
| ROMUALDO ARECHAR | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY | § | 107TH JUDICIAL DISTRICT |

---

## PLAINTIFF"S FIRST AMENDED ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROMUALDO ARECHAR, hereinafter called Plaintiff, complaining of SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, hereinafter called Defendants, and for cause of action would respectfully show the Court and jury the following:

I.

Plaintiff affirmatively pleads that discovery should be conducted in accordance with Level Two (II).

II.

1.    Plaintiff is a resident of Hidalgo County, Texas.

2.    Defendant is Delaware limited partnership, who may be served with process by serving its registered agent CT Corp. Systems, 350 North St. Paul, Dallas, Texas  75201.

## III.

Venue is proper in Cameron County, Texas, pursuant to Section 15.001 Texas Civil Practice & Remedies Code, all the incident forming the basis of this action accrued there.

## IV.

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff in a singular vehicular accident which occurred on August 31, 2001 U.S. Highway 83, in San Bentio, Cameron County, Texas. Plaintiff was working, acting in the course and scope of his employment at the time of this incident. Plaintiff was traveling along U.S. Highway 83 when suddenly the air brakes of the vehicle he was driving, failed. Plaintiff lost control of the vehicle, and was subsequently seriously injured when the vehicle struck a cement barrier, forcing the truck to flip onto its side, and drag along the roadway.

## V.

## NEGLIGENCE

On July 18, 2001 Plaintiff advised his employer, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY that the brakes of the vehicle he was driving were failing, and needed inspection and/or repair. On or about August 31, 2001, Plaintiff, ROMUALDO ARECHAR, was traveling on the outside lane eastbound U.S. Highway 83, San Benito, Cameron County, Texas, in a careful and proper manner, when the air brakes of the truck he was driving failed. Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY

SFG 0008

was the owner of the vehicle Plaintiff was driving at the time of the incident. Plaintiff was acting in the course and scope of his employment at the time of the incident. repair. On July 23, 2001, Plaintiff again advised his employer that the brakes of the vehicle he was driving were "dragging" and were in need of repair.

On August 24, 2001, only one week before the incident at issue in this lawsuit, Plaintiff again noted and advised his employer that the brakes of his truck were "dragging".

Most notably, on August 27, 28 and 29, 2001 Plaintiff advised his employer that the brakes of this incident truck were "dragging" and needed repair.

Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY failed to perform the necessary repairs and/or failed to perform the repairs in a reasonable and prudent manner, on the vehicle at issue, and continued to permit Plaintiff to conduct his normal route using a truck Defendant knew to be in a state of disrepair. Defendant failed to act as a reasonable and prudent employer would in this situation. Defendant's negligence and failure to use ordinary care was the proximate cause of this incident and the subsequent severe and disabling injuries Plaintiff has suffered.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, was negligent in various acts and omissions, including the following, which negligence was a proximate cause of the occurrence in question:

SFG 0009

JUL-16-2003  16:47                                                    P.07/09

A.   In failing to make the necessary repairs to the vehicle at issue;

B.   In failing to perform the necessary repairs in a reasonable and prudent manner;

C.   In failing to properly and routinely inspect the truck at issue;

D.   In failing to warn Plaintiff of the state of disrepair of the vehicle at issue, and

E.   In knowingly permitting Plaintiff to drive a truck Defendant knew to be in disrepair, and in a dangerous condition.

## VI.

## GROSS NEGLIGENCE OF DEFENDANT

Furthermore, Plaintiff would show that each of the above and foregoing acts or omissions of Defendant were more than momentary thoughtlessness, inadvertence, or error of judgement. Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare or safety of the Plaintiff, and as such constituted gross negligence. Plaintiff is entitled to recover judgment against Defendant for exemplary damages  for such gross negligence, heedless and reckles disregard of Plaintiff's rights.

## VII.

## DAMAGES

As a result of the collision above described, the Plaintiff, ROMUALDO ARECHAR, was caused to suffer sever, permanent and disabling injuries to his neck, back, head and other parts of his person. Plaintiff has been caused to suffer personal injuries, as follows.

SFG 0010

1.    Past and future pain and suffering;

2.    Past and future medical expenses;

3.    Loss of earn capacity;

4.    Loss of wages;

5.    Past and future mental anguish;

6.    Physical impairment, and

7.    Physical disfigurement.

Damages arising from the accident in question do not exceed Seventy-Five Thousand ($75,000.00) Dollars.

## VIII. DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.

## PRAYER

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff recover:

1.    judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2.    interest on said judgment at the legal rate from date of judgment;

3.    prejudgment interest as allowed by law;

SFG 0011

4.    costs of court; and

5.    such other and further relief to which Plaintiff may be
      entitled.

                              Respectfully submitted,

                              WILLETTE & GUERRA, L.L.P.
                              801 Nolana, Suite 320-A
                              McAllen, Texas 78504
                              (956) 686-2266 Telephone
                              (956) 686-5913 Telecopier


                              By:_____
                                 R.D. GUERRA
                                 State Bar No. 08578640
                                 JORGE A. GREEN
                                 State Bar No. 24038023

                              ATTORNEYS FOR PLAINTIFF

SFG 0012

CAUSE NO. 2003-05-2789-A

| | | |
|---|---|---|
| ROMUALDO ARECHAR | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY | § | 107TH JUDICIAL DISTRICT |

## PLAINTIFF"S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROMUALDO ARECHAR, hereinafter called Plaintiff, complaining of SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, hereinafter called Defendants, and for cause of action would respectfully show the Court and jury the following:

I.

### DISCOVERY CONTROL PLAN

Plaintiff affirmatively pleads that discovery should be conducted in accordance with Level Two (II).

II.

### PARTIES

1. Plaintiff is a resident of Hidalgo County, Texas.

2. Defendant is Delaware limited partnership. A copy of plaintiff's second amended petition has been forwarded to defendant's counsel of record, George Haratsis, by Certified Mail Return Receipt Requested.

SFG 0013

III.

## VENUE

Venue is proper in Cameron County, Texas, pursuant to Section 15.001 Texas Civil Practice & Remedies Code, as the incidents forming the basis of this action accrued in Cameron County..

IV.

## FACTS

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff in a single vehicle accident which occurred on August 31, 2001 U.S. Highway 83 in San Benito, Cameron County, Texas. Plaintiff was acting in the course and scope of his employment at the time of the incident serving as the basis of this suit. Plaintiff was traveling along U.S. Highway 83 when suddenly, the air brakes of the vehicle he was driving failed. Plaintiff lost control of the vehicle and was subsequently seriously injured when the vehicle struck a cement barrier, forcing the truck to flip onto its side and drag along the roadway.

After the accident serving as the basis of this suit occurred, plaintiff required medical attention. Defendant's company policies and regulations communicated to plaintiff prior to his employment provided for the payment of medical expenses in the event of an employee's injury while acting in the course of employment. Plaintiff relied upon this representation in deciding to accept his position as a route salesperson although the company was a non-subscriber as that term is defined by the Texas Workers' Compensation Act.

SFG 0014

Plaintiff was discharged upon a finding that the accident was "avoidable." Defendant's policies and regulations set forth in the documentation received by plaintiff prior to his employment set forth defendant's policies with regard to disciplinary action taken against employees in the event of an "avoidable" accident. Defendant represented in documents presented to plaintiff for signature that the adverse disciplinary action taken in response to an employee's first "avoidable" accident was automatic reprimand and possible suspension without pay. Defendant's documentation indicates that it is not defendant's policy to terminate an employee in circumstances similar to plaintiff's.

## V.

### NEGLIGENCE

On July 18, 2001 Plaintiff advised his employer, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY that the brakes of the vehicle he was driving were failing and needed inspection and/or repair. On or about August 31, 2001, Plaintiff ROMUALDO ARECHAR, was traveling in the outside lane of eastbound U.S. Highway 83, San Benito, Cameron County, Texas, in a careful and proper manner when the air brakes of the truck he was driving failed.

Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY was the owner of the vehicle plaintiff was driving at the time of the incident. Plaintiff was acting in the course and scope of his employment at the time of the incident. On July 23, 2001, plaintiff advised his employer that the brakes of the vehicle he was driving were "dragging" and were in need of repair.

SFG 0015

On August 24, 2001, only one week before the incident at issue in this lawsuit, Plaintiff again noted and advised his employer that the brakes of his truck were "dragging."

Most notably, on August 27, 28 and 29, 2001 plaintiff advised his employer that the brakes of this incident truck were "dragging" and needed repair. After plaintiff's complaint most recent to the accident, the brakes were not inspected.

Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY failed to perform the necessary repairs and/or failed to perform the repairs in a reasonable and prudent manner on the vehicle at issue and continued to permit Plaintiff to conduct his normal route using a truck Defendant knew to be in a state of disrepair. Defendant failed to act as a reasonable and prudent employer would in this situation. Defendant's negligence and failure to use ordinary care was the proximate cause of this incident and the subsequent severe and disabling injuries Plaintiff has suffered.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, was negligent in various acts and omissions, including the following, which negligence was a proximate cause of the occurrence in question:

     A.    In failing to make the necessary repairs to the vehicle at issue;

     B.    In failing to perform the necessary repairs in a reasonable and prudent manner;

     C.    In failing to properly and routinely inspect the truck at issue;

     D.    In failing to warn Plaintiff of the state of disrepair of the vehicle at issue, and

SFG 0016

E.    In knowingly permitting Plaintiff to drive a truck Defendant knew to be in disrepair, and in a dangerous condition.

## VI.

### GROSS NEGLIGENCE OF DEFENDANT

Furthermore, Plaintiff would show that each of the above and foregoing acts or omissions of Defendant were more than momentary thoughtlessness, inadvertence, or error of judgement.  Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare or safety of the Plaintiff, and as such constituted gross negligence.  Plaintiff is entitled to recover judgment against Defendant for exemplary damages   for such gross negligence and heedless and reckless disregard of Plaintiff's rights.

## VII.

### FRAUD

By reason of plaintiff's reliance on defendant's representations of material facts described above, plaintiff has been damaged in an amount within the jurisdictional limits of this court.   In this connection, plaintiff further alleges that defendant made representations to plaintiffs with the specific intent that plaintiff rely upon those statements in making decisions.   Defendant subsequently terminated plaintiff's employment fraudulently in an effort to avoid paying the medical expenses associated with the negligent failure to inspect and/or maintain the vehicle driven by plaintiff in the course and scope of his employment.

SFG 0017

Plaintiff further alleges that defendant knew that the statements made in connection with the payment of medical expenses in the event of injury were false. These representations were fraudulent and malicious and constitute conduct for which the law allows the imposition of exemplary damages.

### VIII.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendant acted intentionally or recklessly in terminating plaintiffs by using their own fraudulent and malicious representations as a basis for termination. Plaintiff was allegedly terminated for acts he was called upon by defendant to perform and/or acts expressly allowed by defendant.

The act of terminating plaintiff's employment was extreme and outrageous not only because he was terminated fraudulently, but because defendant had actual awareness that plaintiff was injured at the time of his discharge and could not secure other employment in order to support his family.

Plaintiff suffered severe emotional distress.

### VIII.

### DAMAGES

As a result of the collision above described, the Plaintiff, ROMUALDO ARECHAR, was caused to suffer severe, permanent, and disabling injuries to his neck, back, head, and other parts of his person. Plaintiff has been caused to suffer personal injuries, as follows:

SFG 0018

1.    Past and future pain and suffering;

2.    Past and future medical expenses;

3.    Loss of earning capacity;

4.    Loss of wages;

5.    Past and future mental anguish;

6.    Physical impairment, and

## IX.

## DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X.

## PRAYER

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff recover:

1.    judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2.    interest on said judgment at the legal rate from date of judgment;

3.    exemplary damages to be awarded by the jury;

4.    prejudgment and postjudgment interest as allowed by law;

**SFG 0019**

5.    costs of court; and

6.    such other and further relief to which Plaintiff may be
      entitled.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
801 Nolana, Suite 320-A
McAllen, Texas 78504
(956) 686-2266 Telephone
(956) 686-5913 Telecopier

By: _____
    R.D. GUERRA
    State Bar No. 08578640
    JORGE A. GREEN
    State Bar No. 24038023

ATTORNEYS FOR PLAINTIFF

SFG 0020



CAUSE NO. 2003-05-2789-A

| ROMUALDO ARECHAR | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Southern Foods Group, L.P. (*incorrectly named "Southern Food Groups L.P."*), Defendant herein, and files this its Original Answer to Plaintiff's First Amended Original Petition and would respectfully show unto the Court as follows:

1.

## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant pleads a general denial to Plaintiff's First Amended Original Petition and requests that Plaintiff be required to prove his allegations by a preponderance of the evidence.

WHEREFORE, PREMISES CONSIDERED, Defendant, Southern Foods Group, L.P., prays that Plaintiff takes nothing by this lawsuit, that Defendant recovers costs of court, and that Defendant be granted such other and further relief, either special or general, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

McDONALD SANDERS,
A Professional Corporation


By _____
George C. Haratsis
State Bar No. 08941000
Nicholas S. Bettinger
State Bar No. 02268470

777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via certified mail, return receipt requested, to Plaintiff's attorney of record this 22nd day of July, 2003.


_____
George C. Haratsis


DEFENDANT'S ORIGINAL ANSWER                                      PAGE 2
I:\02989\0064\CP3723.WPD

**SFG 0022**

FILED
AURORA DE LA GARZA DIST. CLERK
O'CLOCK M
JAN 28 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY DEPUTY

CAUSE NO.: 2003-05-2789-A

| | | |
|---|---|---|
| ROMUALDO ARECHAR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY, | § | |
| Defendant. | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Southern Foods Group, L.P. d/b/a Hygeia Dairy, respectfully files its First Amended Original Answer to Plaintiff's Second Amended Petition.

### GENERAL DENIAL

### I.

1.1 Defendant asserts a general denial of each and every material allegation in Plaintiff's Second Amended Petition, and any amendments or supplements thereto, as permitted by Rule 92 of the Texas Rules of Civil Procedure, and demands that Plaintiff be required to prove each and every one of his allegations by a preponderance of the credible evidence.

### II.

### AFFIRMATIVE DEFENSE

2.1 All, or a portion, of Plaintiff's claims are barred, because they are pre-empted by the federal Employee Retirement Income Security Act, 29 U.S.C., § 1001, et seq.

Defendant's First Amended Original Answer
I:\02000\0004\D21751.WPD

Page 1

SFG 0023

2.2    Further pleading, if the same be necessary, without waiving any of the matters hereinabove alleged, Defendant would show that Plaintiff's alleged injuries, or the alleged injury causing event or events, were caused by actions, conduct and the negligence of Plaintiff, and not the negligence, if any, of Defendant. Such actions, conduct and/or negligence on the part of Plaintiff were the sole proximate cause of any damages or injuries sustained by Plaintiff or the alleged occurrence of the injury producing event or events.

2.3    Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

2.4    Plaintiff's employment was terminable "at will."

2.5    All or a portion of Plaintiff's claims are barred by the doctrine of waiver.

2.6    All or a portion of Plaintiff's claims are barred by the doctrine of estoppel.

2.7    Plaintiff's own actions in the matter in which he performed his duties with the sole proximate cause of the alleged on-the-job injury and/or his damages.

2.8    Alternatively, Plaintiff's damages and/or injuries, if any, were not separate as a result of Defendant's negligence, but rather as a result of an unavoidable accident.

2.9    Pleading further, if same be necessary, and without waiving any of the matters hereinabove alleged, Defendant would show that, to the extent Plaintiff has failed to mitigate his alleged damages, Defendant is entitled to its affirmative defense of failure to mitigate.

2.10   To the extent that any damages, including but not limited to punitive or exemplary damages, are subject to limitation or reduction by applicable law, Defendant affirmatively pleads its right to such limitations or reductions, including, but not limited to, those limitations set forth in Chapter 41, Texas Civil Practice and Remedies Code, and the

SFG 0024

CAUSE NO. 2003-05-2789-A

| | | |
|---|---|---|
| ROMUALDO ARECHAR | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY | § | 107TH JUDICIAL DISTRICT |

---

## ORDER SETTING HEARING ON PLAINTIFF'S MOTION FOR TRIAL SETTING

---

On this _15_ day of _September_, 2003, came on to be considered Plaintiff's Motion for Trial Setting in the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Plaintiff's Motion for Trial Setting be and is hereby set for hearing on the _24_ day of _September_, 2003, at _8:30_ o'clock _a_.m., in the 107th District Court, Brownsville, Cameron County, Texas.

SIGNED FOR ENTRY this _15th_ day of _September_, 2003.

_____
JUDGE PRESIDING

SEP 1 5 2003
COPIES TO:
HON R.D. GUERRA
HON GEORGE HARATSIS

FILED _2:00_ O'CLOCK _P_ M
AURORA DE LA GARZA DIST. CLERK
SEP 1 5 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Carolina Soto_ DEPUTY

TAB
3

**SFG 0026**

CAUSE NO. 2003-05-2789-A

| ROMUALDO ARECHAR | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| SOUTHERN FOOD GROUPS L.P. | § | |
| D/B/A HYGEIA DAIRY | § | 107TH JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

BE IT REMEMBERED that on the 24th day of September, 2003, a Motion for Trial Setting Hearing was held in the above entitled and numbered cause.  Appearance were made by Jorge A. Green for plaintiff Romualdo Arechar, and George Haratsis for defendant Southern Food Groups L.P. d/b/a Hygeia Dairy.

The following was agreed and stipulated by the parties, or ordered by the Court:

A.      Jury trial has been requested.

B.      The case is set for trial on the **17th day of February, 2004, at 8:30 a.m.**

C.      Announcement date is **the13th day of February, 2004, at 8:30 a.m.**

D.      The deadline for completion of discovery is: AS PER THE RULES.

E.      The deadline to supplement and amend pleadings is: AS PER THE RULES.

F.      The deadline for designation of expert witnesses is: AS PER THE RULES.

G.      The deadline for joinder of additional parties is: AS PER THE RULES.

H.      The deadline to submit to mediation *completed by December 19, 2003.*

At the time of this order, we have no conflict in our schedules.

SIGNED FOR ENTRY this ___14___ day of November, 2003

_____
JUDGE PRESIDING

FILED _3:00_ O'CLOCK ___P___M
AURORA DE LA GARZA DIST. CLERK

NOV 14 2003

DISTRICT COURTS OF CAMERON COUNTY TEXAS

**SFG 0027**

RUN DATE 01/29/04
RUN TIME 2:26 PM

PAGE: 01
2003-05-002789-A

* * * C L E R K ' S   E N T R I E S * * *

ROMUALDO ASECHAR

VS

SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY

00404601
RON R.D. GUERRA
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS                78504 0000

00583302
GEORGE C. HARNESS
777 MAIN STREET, SUITE 1300
FORT WORTH, TX               76101 0000

(10)                    05    30    03

NEGLIGENCE

| Date | Entry |
|---|---|
| 05/30/03 | ORIGINAL PETITION FILED |
| 07/10/03 | JURY FEE: Pd. by RON R.D. GUERRA |
| 07/10/03 | PLAINTIFF'S FIRST AMENDED ORIGINAL |
| | PETITION/GA.edrano |
| 07/11/03 | CITATION (CX): SOUTHERN FOOD GROUPS |
| | L.P.: |
| | SERVED: 07/26/03        FILED: 07/22/03 |
| 07/28/03 | ORIGINAL ANSWER: SOUTHERN FOOD GROUPS |
| | L.P. |
| 07/28/03 | CERTIFICATE OF WRITTEN |
| | DISCOVERY/C.OSTOS |
| 07/28/03 | DEFENDANT'S ORIGINAL ANSWER/C.OSTOS |
| 08/27/03 | RULE 11 AGREEMENT AS TO |
| | DISCOVERY/C.OSTOS |
| 09/09/03 | PLTF'S MOTION FOR TRIAL |
| | SETTING/GA.edrano |
| 09/26/03 | CORRESPONDENCE FROM MCDONALD |
| | SANDERS/C.OSTOS |
| 10/08/03 | RULE 11 AGREEMENT/C.OSTOS |
| 11/07/03 | (1) CERTIFICATE/C.OSTOS |
| 11/10/03 | CERTIFICATE/C.OSTOS |
| 11/12/03 | (ONE) CERTIFICATE/C.OSTOS |
| 11/14/03 | CERT. FOR DR. ANTONIO DIAZ/C.OSTOS |
| 12/02/03 | CERTIFICATE-VBXC/C.OSTOS |
| 12/15/03 | CERTIFICATE-ORTHOPEDIC SURGERY |
| | CEN-BR/C.OSTOS |
| 12/22/03 | MOTION TO QUASH SUBPOENA DUCES TECUM |
| | AND BRIEF IN SUPPORT OF |
| 12/22/03 | MOTION TO QUASH/C.OSTOS |

P.'S MTN FOR TRIAL SETTING IS SET FOR HEARING ON 09/26/2003
@ 8:30 A.M. SIGNED FOR ENTRY. BSJE/C.OSTOS
MTNS: Telephone w/Jorge Greene w/r.D. Guerra and George
Harnesss (Linmell); case set for ANNOUNCEMENTS for FEBRUARY 13
2004 AT 8:30 a.m. and TRIAL on FEBRUARY 27, 2003 at 8:30 a.m.
MANDATORY MEDIATION must be done by DECEMBER 19, 2003 and MUST
be included in order to be submitted by Mr. Greene. BSJE/eeo
DOCKET CONTROL ORDER SIGNED; TRIAL SET FOR 02/17/2004 @ 8:30
A.M. WITH ANNOUNCEMENTS ON 02/13/2004 @ 8:30 A.M. &
MANDATORY MEDIATION BY 12/19/03 SIGNED FOR ENTRY. BSJE/CO

TAB 4

SFG 0028

RUN DATE 01/29/04
RUN TIME 2:26 PM

PAGE: 02

CLERK'S ENTRIES

2003-CS-002769-A

ROMUALDO ARECHAR

VS

SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY

00404601
HON. R.D. GUERRA
801 NOLANA, SUITE 320-A
MCALLEN, TEXAS    78504 0000

(10)                05   30   03

00583302
GEORGE C. HARATSIS
777 MAIN STREET, SUITE 1300
FORT WORTH, TX    76101 0000

NEGLIGENCE

01/05/04  SUPPLEMENTAL CERTIFICATE UNDER TRCP
          RULE 203 TO THE DEPOSITION
          OF RUMALDO ARECHAR TAKEN NOVEMBER
01/05/04  11, 2003/C.OSTOS
01/05/04  REPORTER'S CERTIFICATION DEPOSITION OF
          ROMUALDO ARECHAR
01/05/04  NOVEMBER 11, 2003/C.OSTOS
01/13/04  PLAINTIFF'S SECOND AMENDED
          PETITION/C.OSTOS
01/14/04  P'S DESIGNATION OF EXPERT
          WITNESSES/C.OSTOS
01/20/04  RULE 11 AGREEMENT/C.OSTOS
01/28/04  DEFENDANT'S FIRST AMENDED ORIGINAL
          ANSWER/C.OSTOS

SFG 0029

**INDEX OF MATTERS FILED IN ROMUALDO ARECHAR, PLAINTIFF
VS. SOUTHERN FOODS GROUP, L.P. D/B/A HYGEIA DAIRY
CAUSE NO. 2003-05-2789-A, 107th DISTRICT COURT OF CAMERON COUNTY, TEXAS
AS OF JANUARY 30, 2004**

| Date | Matter |
|------|--------|
| 05/30/03 | Plaintiff's Original Petition |
| 07/10/03 | Jury Fee paid by R. D. Guerra, Plaintiff's attorney |
| 07/10/03 | Plaintiff's First Amended Original Petition |
| 07/22/03 | Officer's Return for service on Southern Foods Group, L.P. |
| 07/28/03 | Defendant's Original Answer |
| 07/28/03 | Certificate of Written Discovery |
| 08/27/03 | Rule 11 Agreement as to Discovery |
| 09/09/03 | Plaintiff's Motion for Trial Setting |
| 09/15/03 | Order Setting Hearing on Plaintiff's Motion for Trial Setting |
| 09/26/03 | Correspondence from McDonald Sanders |
| 10/08/03 | Rule 11 Agreement |
| 11/07/03 | (1) Certificate |
| 11/10/03 | Certificate |
| 11/14/03 | Docket Control Order |
| 12/02/03 | Certificate - V3MC |
| 12/12/03 | (One) Certificate |
| 12/14/03 | Certificate for Dr. Antonio Diaz |
| 12/15/03 | Certificate - Orthopedic Surgery Center |
| 12/22/03 | Motion to Quash Subpoena Duces Tecum and Brief in Support of |
| 12/22/03 | Motion to Quash |
| 01/05/04 | Supplemental Certificate Under TRCP Rule 203 to the Deposition of Romualdo Arechar Taken November 11, 2003 |
| 01/05/04 | Reporter's Certification Deposition of Romualdo Arechar on November 11, 2003 |
| 01/13/04 | Plaintiff's Second Amended Petition |
| 01/14/04 | Plaintiff's Designation of Expert Witnesses |
| 01/20/04 | Rule 11 Agreement |
| 01/28/04 | Defendant's First Amended Original Answer |

TAB
5

I:\02989\0064\D28108.WPD

SFG 0030

**LIST OF COUNSEL OF RECORD,
IN ROMUALDO ARECHAR, PLAINTIFF
VS. SOUTHERN FOODS GROUP, L.P. D/B/A HYGEIA DAIRY
CAUSE NO. 2003-05-2789-A
107th DISTRICT COURT OF CAMERON COUNTY, TEXAS
AS OF JANUARY 30, 2004**

**PLAINTIFF ROMUALDO ARECHAR COUNSEL**
Jorge A. Green
State Bar No. 24038023
Willette & Guerra, L.L.P.
International Plaza, Suite 460
3505 Boca Chica Boulevard
Brownsville, Texas 78521
Telephone:    (956) 541-1846
Facsimile:    (956) 541-1893

**DEFENDANT SOUTHERN FOODS GROUP, L.P.
d/b/a HYGEIA DAIRY COUNSEL**
George C. Haratsis
State Bar No. 08941000
Nicholas S. Bettinger
State Bar No. 02268470
McDonald Sanders
*A Professional Corporation*
777 Main Street, Suite 1300
Fort Worth, Texas  76102
Telephone:    (817) 336-8651
Facsimile:    (817) 334-0271

I:\02989\0064\D26638.WPD

