IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROMUALDO ARECHAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.B-04-017 |
| | § | |
| SOUTHERN FOODS GROUP, L.P., | § | |
| d/b/a HYGEIA DAIRY, | § | |
| | § | |
| Defendants. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
Under Rule 26(f)
Federal Rules of Civil Procedure

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the Court's February 9, 2004 Order Setting Conference, Plaintiff, Romualdo Arechar, and Southern Foods Group, L.P., d/b/a Hygeia Dairy, hereby respectfully submit the following Joint Discovery/Case Management Plan.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The parties agreed to conduct the meeting by telephone conference. A conference between counsel for Plaintiff, Mr. Jorge Green, and counsel for Defendant, Mr. George Haratsis, was held on March 26, 2004.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   No other cases relating to this case are presently pending in any other state or federal court. The Plaintiff's lawsuit was originally filed in the 107th Judicial District Court, Cameron County, Texas, Cause No. 2003-05-2789-A. Defendant removed this case to the U. S. District Court, Southern District of Texas, Brownsville Division, on or about February 4, 2004. Plaintiff did not seek to remand the case.

3. Specify the allegation of federal jurisdiction.

      Defendant alleges that this court has jurisdiction over Plaintiff's claims for benefits arising under Defendant's ERISA plan. Plaintiff's claims arise under statutes and laws of the United States of America, namely, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. The basis for jurisdiction is more particularly described in Defendant's Notice of Removal on file on herein.

4.     Name the parties who disagree and the reasons.

      The Plaintiff is not contesting the basis for federal court jurisdiction.

5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

      The parties are unaware, at this time, of the joinder of additional parties. Plaintiff believes that all proper and necessary parties to this action are before the court. The parties, however, reserve the right to join additional parties, if needed, after further discovery has been completed.

6.     List anticipated interventions.

      None presently known.

7.     Describe class-action issues.

      None.

8.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

      The parties stipulate that the initial disclosures required by Rule 26(a)(1) will be served on or before April 12, 2004.

9.     Describe the proposed agreed discovery plan, including:

      A.     Responses to all the matters raised in Rule 26(f).

            The parties will exchange Rule 26(a)(1) initial disclosures on or before April 12, 2004. Plaintiff shall comply with Rule 26(a)(1)(2) on or before April 19, 2004.

            Defendant shall comply with the disclosures required by Rule 26(a)(2) on or before July 6, 2004.
            The parties stipulate that discovery is needed on the following subjects: The allegations and the parties' pleadings, Defendant's contentions and Defendant's affirmative defenses.

The parties believe that discovery can be reasonably completed by September 20, 2004.

The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issue at this time and discovery should not be limited.

Without waiving rights provided in Fed.R.Civ.P. 26(c), the parties presently do not propose changes should be made or limitations imposed on discovery conducted under federal or local rules.

At present, the parties do not believe that any orders need to be entered by the court under Rule 26(c) or Rule 16(b) and (c), Fed.R.Civ.P.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates serving interrogatories to Defendant on or before April 12, 2004.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendant anticipates serving interrogatories to Plaintiff on or before April 12, 2004.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking oral depositions of Defendant's agents or employees by June 30, 2004. Plaintiff anticipates taking oral depositions of Plaintiff's medical providers or experts on or before May 17, 2004.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking Plaintiff, Romualdo Arechar's deposition on the new claims, matters and causes of action raised in Plaintiff's Second Amended Petition, and all related matters, on or before June 1, 2004. Defendant also anticipates taking the oral deposition of Plaintiff's spouse, investigating police officers and emergency responders to the accident, any medical experts or experts specially retained by Plaintiff to offer expert opinions and conclusions in this case, and witnesses identified by Plaintiff as persons with knowledge of relevant facts. These expert's depositions should be taken only after Plaintiff produces expert reports and these experts should be made available for deposition at least 30 days prior to Defendant's expert designation deadline.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

   Plaintiff will designate experts and provide the reports required by Rule 26(a)(d)(b) on or before April 19, 2004. Defendant will designate responsive experts and provide reports on or before July 6, 2004.

 G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   Plaintiff anticipates taking medical or healthcare expert depositions on or before May 17, 2004.

 H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

   Defendant anticipates taking the depositions of Plaintiff's experts within 45 days following the receipt of the experts' reports. Defendant also anticipates taking Defendant's rebuttal expert depositions, if any, within 60 days following the receipt of deposition transcripts of Plaintiff's testifying experts.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

In the state court action, the parties exchanged written discovery (Request for Disclosures, Interrogatories, and Request for Production of Documents). Plaintiff's deposition was taken on November 11, 2003. This discovery was conducted only on Plaintiff's negligence claim.

12. *State the date the planned discovery can reasonably be completed.*

September 20, 2004

13. Describe the possibilities for a prompt settlement or resolution of the case law that were discussed in your Rule 26(f) meeting.

The parties, with authorized representatives present, previously attempted to settle this case at mediation on December 17, 2004.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

The parties agreed to mediate this case and appeared for mediation before mediator, Israel Ramon, Jr. in McAllen on December 17, 2003.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Pending resolution of Defendant's legal defenses and the decision on any dispositive motions, Defendant would then possibly consider mediation, although Defendant's current position is that this case should not be mediated.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties, joint position on a trial before a magistrate judge.

    The parties could not agree to refer this case to the magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    Plaintiff demanded a jury in the original state court action.

18. Specify the number of hours it will take to present the evidence in this case.

    The parties presently anticipate, based on discovery conducted to date and the matters presently raised in Plaintiff's pleadings and Defendant's affirmative defenses, that up to 15 hours of evidence will be presented at the trial of this case. This estimate is subject to increase or decrease, based on any additional claims Plaintiff may file or the disposal of various claims asserted by Plaintiff by summary judgment.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    No motions are presently pending.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.
    Plaintiff's contention: None.

    Defendant's contention: Because the Plaintiff raised new causes of action that appear to relate to a claim for benefits under Defendant's ERISA plan, this lawsuit was timely removed to this Honorable Court on February 4, 2004. Defendant will re-depose the Plaintiff on the new causes of action and matters raised in Plaintiff's Second Amended Original Petition. Defendant contends that the Plaintiff's claims as alleged in Plaintiff's Second Amended Petition are vague and ambiguous, particularly with respect to Plaintiff's claim for benefits, and Plaintiff's extra-contractual state law claims (wrongful discharge, fraud, intentional infliction of emotional distress). Defendant further contends that although Plaintiff's allegations

are couched in terms of state law allegations only, Plaintiff's claims appear to relate to Defendant's ERISA plan. Defendant will ask the court to order the Plaintiff to replead Plaintiff's claims and causes of action in conformity with the pleading requirements of the Federal Rules of Civil Procedure and that Defendant be given an opportunity to file a responsive pleading thereto under the Federal Rules. Defendant also anticipates moving to dismiss all or a portion of Plaintiff's claims which fail to state a claim under Rule 12 and/or through a summary judgment proceeding.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

Jorge A. Green
Federal ID. No. 34136
Texas Bar No. 24038023
TOUCHY & GREEN, L.L.P.
2031 Price Road, Suite C
Brownsville, Texas 78521
956/542-7000
956/542-7026 Fax
Attorney for Plaintiff

George C. Haratsis
Federal ID. No. 27820
Texas Bar No. 08941000
Nicholas S. Bettinger
Federal ID. No. 17917
Texas Bar No. 02268470
McDONALD SANDERS,
A Professional Corporation
777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax
Attorneys for Defendant

Pursuant to the Court's February 9, 2004 Order Setting Conference, paragraph 4, counsel are required to file with the Joint Case Management Plan the identity and purpose of witnesses, sources and types of documents and other requirements for a prompt and inexpensive preparation of this case for disposition by motion or trial. Consequently, attached as Exhibit A and B respectively, are Plaintiff Romualdo Arechar's Initial Disclosures and Defendant's Initial Disclosures which set forth and contain this information.

Respectfully submitted,

Jorge A. Green
Federal ID. No. 34136
Texas Bar No. 24038023

TOUCHY & GREEN, L.L.P.
2031 Price Road, Suite C
Brownsville, Texas 78521
956/542-7000
Fax: 956/542-7026

ATTORNEYS FOR PLAINTIFF

_____
George C. Haratsis
Federal ID. No. 27820
Texas Bar No. 08941000
ATTORNEY-IN-CHARGE

Nicholas S. Bettinger
Federal ID. No. 17917
Texas Bar No. 02268470

McDONALD SANDERS,
A Professional Corporation
777 Main Street, Suite 1300
Fort Worth, Texas 76102
(817) 336-8651
(817) 334-0271 Fax

ATTORNEYS FOR DEFENDANT