IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern Dist...
FILED

MAY 1 1 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROMUALDO ARECHAR | § § § | |
| VS. | § § | CIVIL ACTION NO. B-04-017 |
| SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY | § § § | |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROMUALDO ARECHAR, hereinafter called Plaintiff, complaining of SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury the following:

**I.**

Plaintiff is a resident of Hidalgo County, Texas.

Defendant is Delaware limited partnership, who may be served with process by serving its registered agent CT Corp. Systems, 350 North St. Paul, Dallas, Texas 75201. No service is necessary at this time.

**II.**

This case was removed by defendant to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and other applicable law based on the argument that this case arises under the statutes and laws of the United States of America, namely, the Employee Retirement Income Security Act, 29 U.S.C., § 1001, et seq. ["ERISA"].

### III.

Plaintiff brings this suit to recover for personal injuries sustained by Plaintiff in a singular vehicular accident which occurred on August 31, 2001 U.S. Highway 83, in San Benito, Cameron County, Texas. Plaintiff was working, acting in the course and scope of his employment at the time of this incident. Plaintiff was traveling along U.S. Highway 83 when suddenly the air brakes of the vehicle he was driving, failed. Plaintiff lost control of the vehicle, and was subsequently seriously injured when the vehicle struck a cement barrier, forcing the truck to flip onto its side, and drag along the roadway.

### IV.

### **NEGLIGENCE**

On July 18, 2001 Plaintiff advised his employer, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY that the brakes of the vehicle he was driving were failing, and needed inspection and/or repair. On or about August 31, 2001, Plaintiff, ROMUALDO ARECHAR, was traveling on the outside lane eastbound U.S. Highway 83, San Benito, Cameron County, Texas, in a careful and proper manner, when the air brakes of the truck he was driving failed.

Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY was the owner of the vehicle Plaintiff was driving at the time of the incident. Plaintiff was acting in the course and scope of his employment at the time of the incident. repair. On July 23, 2001, Plaintiff again advised his employer that the brakes of the vehicle he was driving were "dragging" and were in need of repair.

On August 24, 2001, only one week before the incident at issue in this lawsuit, Plaintiff again noted and advised his employer that the brakes of his truck were "dragging".

Most notably, on August 27, 28 and 29, 2001 Plaintiff advised his employer that the brakes of this incident truck were "dragging" and needed repair.

Defendant SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY failed to perform the necessary repairs and/or failed to perform the repairs in a reasonable and prudent manner, on the vehicle at issue, and continued to permit Plaintiff to conduct his normal route using a truck Defendant knew to be in a state of disrepair. Defendant failed to act as a reasonable and prudent employer would in this situation. Defendant's negligence and failure to use ordinary care was the proximate cause of this incident and the subsequent severe and disabling injuries Plaintiff has suffered.

At the time and on the occasion in question, and immediately prior thereto, Defendant, SOUTHERN FOOD GROUPS L.P. D/B/A HYGEIA DAIRY, was negligent in various acts and omissions, including the following, which negligence was a proximate cause of the occurrence in question:

    A.    In failing to make the necessary repairs to the vehicle at issue;

    B.    In failing to perform the necessary repairs in a reasonable and prudent manner;

    C.    In failing to properly and routinely inspect the truck at issue;

    D.    In failing to warn Plaintiff of the state of disrepair of the vehicle at issue, and

    E.    In knowingly permitting Plaintiff to drive a truck Defendant knew to be in disrepair, and in a dangerous condition.

## V.

## **GROSS NEGLIGENCE OF DEFENDANT**

Furthermore, Plaintiff would show that each of the above and foregoing acts or omissions of Defendant were more than momentary thoughtlessness, inadvertence, or error of judgement. Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare or safety of the Plaintiff, and as such constituted gross negligence. Plaintiff is entitled to recover judgment against Defendant for exemplary damages for such gross negligence, heedless and reckless disregard of Plaintiff's rights.

## VI.

## **DAMAGES**

As a result of the collision above described, the Plaintiff, ROMUALDO ARECHAR, was caused to suffer sever, permanent and disabling injuries to his neck, back, head and other parts of his person. Plaintiff has been caused to suffer personal injuries, as follows.

1. Past and future pain and suffering;
2. Past and future medical expenses;
3. Loss of earn capacity;
4. Loss of wages;
5. Past and future mental anguish;
6. Physical impairment, and
7. Physical disfigurement.

## VII.

## DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII.

## PRAYER

By reason of the above and foregoing, Plaintiff has been damaged in a sum in excess of minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; that upon a final trial of this cause, Plaintiff recover:

1. judgment against Defendant for Plaintiff's damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

2. interest on said judgment at the legal rate from date of judgment;

3. prejudgment interest as allowed by law;

4. costs of court; and

5. such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

TOUCHY & GREEN, L.L.P.
2031 E. Price Road, Suite "C"
Brownsville, Texas 78521
(956) 542-7000 Telephone
(956) 542-7026 Telecopier

BY: _____
JORGE A. GREEN
State Bar No. 24038023

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that a true and correct copy of the foregoing **Plaintiff's Third Amended Complaint** has been forwarded to all counsel of record by placing same in a post office or official depository under the care and custody of the United States Postal Service, via certified mail, return receipt requested, with postage pre-paid and addressed as follows:

Mr. George C. Haratsis
McDONALD SANDERS, P.C.
777 Main Street, Suite 1300
Fort Worth, Texas 76102

on the **11th day of May, 2004**

_____
JORGE A. GREEN